# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| BILLY DOUGLAS | 97-05-SDD-EWD |

## RULING

This matter is before the Court on the *Motion to Vacate under 28 U.S.C. 2255*[1] by Defendant, Billy Douglas ("Defendant"). Considering that the Fifth Circuit recently denied authorization for Defendant to file a successive Section 2255 petition,[2] and Defendant has again filed a successive Section 2255 motion without obtaining authorization from the Fifth Circuit, the Court lacks subject matter jurisdiction over this matter, and Defendant's motion is DENIED.

In order to obtain permission from the appellate court, the Defendant must make a *prima facie* showing that his proposed Section 2255 motion relies upon either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] When seeking leave to file a successive Section 2255 motion on the basis of a new rule of constitutional law, a movant "must point to a

---

[1] Rec. Doc. No. 169.
[2] Rec. Doc. No. 167.
[3] § 2255(h); § 2244(b)(3)(C); *Reyes–Requena v. United States*, 243 F.3d 893, 897 (5th Cir. 2001).

Document Number: 42750

Supreme Court decision that either expressly declares the collateral availability of the rule ... or applies the rule in a collateral proceeding."[4]

Before the motion can be considered on the merits by this Court, the Defendant must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a *prima facie* showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court may not proceed.

Accordingly, the Defendant's *Motion to Vacate under 28 U.S.C. 2255*[5] is denied without prejudice to the Defendant obtaining authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 14 day of November, 2017.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (internal quotation marks and citation omitted).
[5] Rec. Doc. No. 167.

Document Number: 42750