# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 97-05-SDD-EWD |
| BILLY DOUGLAS | |

## RULING

This matter is before the Court on the Defendant's *Memorandum in Support of Reinstatement of 28 U.S.C. 2255 Motion to Vacate*,[1] *Notice of Appeal*,[2] *Motion for Extension of Time to Satisfy the Court filing fees for Notice of Appeal*,[3] and *Motion for Leave to Proceed In Forma Pauperis*.[4]

The Defendant has previously filed a number of Section 2255 motions in this Court. Most recently, on June 9, 2014, Defendant filed a *Motion to Vacate*,[5] which the Court transferred to the Fifth Circuit as Defendant had failed to get permission to file a successive Section 2255 motion.[6] The Fifth Circuit denied Defendant authorization to file a successive Section 2255 motion.[7] Nevertheless, Defendant filed yet another Section 2255 motion on July 21, 2016,[8] which the Court denied without prejudice to Defendant

---

[1] Rec. Doc. No. 172.
[2] Rec. Doc. No. 173.
[3] Rec. Doc. No. 174.
[4] Rec. Doc. No. 175.
[5] Rec. Doc. No. 165.
[6] Rec. Doc. No. 166.
[7] Rec. Doc. No. 167.
[8] Rec. Doc. No. 169.
44994

obtaining authorization from the Fifth Circuit to file this successive Section 2255 motion.[9] Following this *Ruling*, Defendant has filed a *Memorandum in Support of Reinstatement of 28 U.S.C. 2255 Motion to Vacate*,[10] *Notice of Appeal*,[11] *Motion for Extension of Time to Satisfy the Court filing fees for Notice of Appeal*,[12] and *Motion for Leave to Proceed In Forma Pauperis*.[13]

These motions shall be denied for the following reasons. The Fifth Circuit has previously denied this Defendant's motions to vacate, certificate of appealability, and motion to proceed *in forma pauperis*.[14] Defendant filed the most recent Section 2255 motion again without obtaining authorization from the Fifth Circuit.

To the extent that the Defendant's *Notice of Appeal* may be characterized as a request for a certificate of appealability, 28 U.S.C. § 2253(c) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." Under this statute, in order to obtain a certificate of appealability, the Defendant must make a substantial showing of the denial of a federal right.[15] In addition, he must also show that the issues presented are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are sufficient to warrant encouragement to proceed further.[16] Upon a review of this matter, the Court finds that

---

[9] Rec. Doc. No. 171.
[10] Rec. Doc. No. 172.
[11] Rec. Doc. No. 173.
[12] Rec. Doc. No. 174.
[13] Rec. Doc. No. 175.
[14] Rec. Doc. Nos. 163, 164, & 167.
[15] 28 U.S.C. § 2253(c)(2).
[16] *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Sawyers v. Collins*, 986 F.2d 1493 (5th Cir.1993), *cert. denied*, 508 U.S. 933, 113 S.Ct. 2405, 124 L.Ed.2d 300 (1993).
44994

the Defendant has not made the requisite substantial showing of the denial of a federal right. Moreover, the Court does not find that the issues in this case are likely to be debatable among jurists of reason such that a court could resolve this matter differently. Thus, the Defendant's ostensible request for a Certificate of Appealability shall be denied.

Further, the Defendant seeks leave to proceed *in forma pauperis* in connection with his appeal. However, as noted, 28 U.S.C. § 2253(c) provides that "an appeal may not be taken" in the absence of the granting by the Court of a certificate of appealability. In light of the denial by this Court of the Defendant's ostensible request for a certificate of appealability, the motion to appeal *in forma pauperis* must also be denied.

Finally, and in the alternative, because the Court finds that the Defendant has not demonstrated a non-frivolous issue for appeal, the Court concludes that the appeal is not taken in good faith and that the Defendant is therefore not authorized to proceed *in forma pauperis* in connection therewith.[17] Accordingly,

**IT IS ORDERED** that the Defendant's *Notice of Appeal*,[18] to the extent that it may be interpreted as a request for a certificate of appealability, is hereby DENIED. Defendant's *Motion for Extension of Time to Satisfy the Court filing fees for Notice of Appeal*,[19] and *Motion for Leave to Proceed In Forma Pauperis*[20] are likewise DENIED as moot for the reasons set forth above. Defendant's *Memorandum in Support of Reinstatement of 28 U.S.C. 2255 Motion to Vacate*,[21] which the Court will interpret as a motion for leave to file this supplemental brief, is DENIED.

---

[17] *See* Fed. R.App. P. 24(a); *United States v. Marion*, 79 Fed.Appx. 46 (5th Cir. 2003).
[18] Rec. Doc. No. 173.
[19] Rec. Doc. No. 174.
[20] Rec. Doc. No. 175.
[21] Rec. Doc. No. 172.
44994

Defendant is cautioned that the Court will not consider any Section 2255 motions filed in this Court without the Defendant first obtaining authorization from the Fifth Circuit to file a successive Section 2255 motion.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 26, 2018</u>.

                                          *Shelly D. Dick*
                               **JUDGE SHELLY D. DICK**
                               **UNITED STATES DISTRICT COURT**
                               **MIDDLE DISTRICT OF LOUISIANA**

44994

Page 4 of 4