UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                              97-5-SDD-SCR

BILLY DOUGLAS

## RULING

This matter is before the Court on the *Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1) for Immediate Release*[1] filed by Defendant, Billy Douglas ("Douglas"). Because Douglas admits he has failed to exhaust administrative remedies, and because he presents no evidence of extraordinary and compelling reasons for his release under the First Step Act, this motion shall be denied.

**LAW AND ANALYSIS**

**A. Exhaustion of Remedies**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to**

---

[1] Rec. Doc. No. 180.
Document Number: 60263

> **bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

Douglas acknowledges that he has not exhausted his remedies but argues the emergency nature of the COVID-19 pandemic renders the exhaustion process futile. The majority of courts around the country, as well as this Court, have enforced the exhaustion requirement under First Step Act motions brought due to the pandemic. Thus, Douglas' motion is not ripe for review.  Alternatively, Douglas' motion is also substantively without merit.

### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the

"extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,
    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[2]

The Court finds that Douglas has failed to present evidence of extraordinary and compelling reasons to justify his immediate release. He offers no evidence of any medical conditions which render his health needs an extraordinary or compelling reason for his immediate release. Douglas states only that he is 53 years old and is, thus, "vulnerable" to contracting the virus because he is unable to practice social distancing while incarcerated. This Court rejected similar "fear of contracting" arguments, although supported with actual evidence of medical conditions, in *United States v. Clark*.[3]

Further, in exercising its discretion under the statute, a sentencing court is required to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[4] Thus, an eligible defendant may be denied release based on, *inter alia*, his criminal history and the seriousness of his crimes.[5] Douglas presents no meaningful argument or evidence regarding the 3553(a) factors.

---

[2] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)(emphasis added).
[3] 2020 WL 1557397, *4-*5 (citing *United States v. Gileno*, 2020 WL 1307108 (D. Conn. Mar. 19, 2020); *United States v. Eberhart*, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020)).
[4] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (affirming denial of compassionate release despite defendant's eligibility); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G § 1B1.13, p.s.
[5] *Id.* at 693-694.

Document Number: 60263

Accordingly, Douglas' *Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1) for Immediate Release*[6] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>May 11, 2020</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] Rec. Doc. No. 180.
Document Number: 60263