RECEIVED
JAN 18 2024
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 97-5-SDD |
| | : | |
| BILLY DOUGLAS | : | |

### REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

COMES Defendant, BILLY DOUGLAS ("Douglas"), appearing *pro se,* and files his Reply to United States' Response in Opposition to Defendant's Motion for Compassionate Release, and would show as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, Douglas respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

### REPLY TO UNITED STATES RESPONSE IN OPPOSITION

The twenty-six (26) page United States' Response in Opposition to Defendant's Motion for Compassionate Release ("USR") is divided into four (4) main sections: (I) Background; (II) Law Applicable to Compassionate Release Motions; (III) Argument; and (IV) Conclusion. Douglas will reply sequentially to each main section and thier subsections as follows:

I.   **Background**

Douglas agrees the facts set forth in the USR are the facts from the record in his case.

II.  **Law Applicable to Compassionate Release Motions**

Douglas does not object or take exception to this main section of the USR.

III. **Argument**

    A.  **Douglas has failed to exhaust administrative remedies as to certain claims.**

In reply to the government's argument that Douglas has failed to exhaust administrative remedies for certain claims related to compassionate release, Douglas has filed a request for compassionate release to the Warden, at FCI Edgefield, and he has not received a response yet. Because 30 days have lapsed from the receipt of the request and the BOP failed to file a motion on Douglas's behalf, exhaustion of administrative remedies is not an issue in this case. See 18 U.S.C. § 3582(c)(1)(A).

It is also essential to note that the government's contention is based on the pre-First Step Act regime, which only allowed the BOP to file motions for compassionate release. However, the First Step Act, enacted in 2018, expanded the eligibility to include defendants filing such motions. On November 1, 2023, the U. S. Sentencing Commission released Amendment 814 became effective. Therefore, Douglas's filing of a motion for compassionate release directly aligns with the current legal framework, making the exhaustion of administrative remedies argument obsolete in this context. Further, the government concedes that Douglas's informal "Request to Staff" was received by the staff at FCI Edgefield, and it is acknowledged that the request exhausted the claims raised therein. The government relies on the case of *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020), to support the argument that exhaustion is an argument-by-argument analysis. Given that the

informal request explicitly outlines the reasons for compassionate release, including Douglas's lengthy incarceration, rehabilitation efforts, deteriorating health, and plans post-release, it should be deemed as satisfying the exhaustion requirement.

While the government asserts that the exhaustion requirement is mandatory, it is essential to consider the circumstances of Douglas's case. The failure to process Douglas's informal request, even though received by FCI Edgefield, was beyond his control. It would be unjust to penalize him for the administrative failure of the prison staff, especially when he made a good-faith effort to initiate the compassionate release process.

The government cites *Garrett*, 15 F.4th 335, 338 (5th Cir. 2021), to argue that a failure to exhaust cannot be cured by submitting an administrative request after filing a compassionate release motion in court. However, the circumstances in *Garrett* may differ from Douglas's case. In Douglas's situation, the informal request was submitted before the motion, and the failure in processing was not attributable to Douglas.

The government contends that Douglas failed to exhaust administrative remedies regarding his request for compassionate release based on family circumstances. However, USSG § 1B1.13(b)(3) does not explicitly require mention of spousal relationships or detailed health conditions in an informal request. Douglas provided relevant information about his living arrangements, health concerns, and the need for compassionate release, which should be considered as satisfying the exhaustion requirement.

In summary, the government's argument hinges on a strict interpretation of the exhaustion requirement, overlooking the specific circumstances of Douglas's case and the changes brought about by the First Step Act. The informal request should be deemed sufficient for exhaustion

3

purposes, and the court should consider the merits of Douglas's compassionate release motion as he has satisfied the administrative remedy requirement.

    B. <u>Even assuming exhaustion, Douglas is not entitled to compassionate release.</u>

In reply to the government's argument that even assuming exhaustion, Douglas is not entitled to compassionate release. The government contends that Douglas has failed to present new evidence of medical conditions justifying compassionate release. However, the government seems to downplay the seriousness of Douglas's health issues, including incurable diseases and various health problems. Douglas's assertion that these conditions may worsen if not treated properly should be considered an extraordinary and compelling reason, especially when coupled with the medical records indicating ongoing issues such as osteoarthritis.

The government acknowledges the expansion of the policy statement regarding medical circumstances since the denial of Douglas's first motion. Despite the expansion, the government argues that Douglas's circumstances do not warrant a reduction. However, the government does not adequately address the specific medical conditions and their potential impact on Douglas's health. A thorough examination of the medical evidence, including the nature of his diseases and the lack of treatment options, is crucial to determine the extraordinary and compelling nature of his situation.

The government disputes Douglas's eligibility under the provision for individuals who received an unusually long sentence and have served at least 10 years. It argues that this provision does not authorize sentence reductions based on non-retroactive changes in sentencing law. However, Douglas's reliance on *Apprendi* and *Concepcion* is not solely based on changes in law but rather on the argument that his original sentence was improperly enhanced. The government's interpretation of § 3582(c)(1)(A)(i) as not allowing consideration of non-retroactive changes may

be challenged, as it does not align with the language of the statute.

The government attempts to distinguish *Concepcion v. United States*, asserting that § 3582(c)(1)(A)(i) has different requirements compared to Section 404 of the First Step Act. However, *Concepcion* does recognize the broader discretion of district courts to consider other intervening changes beyond those explicitly mentioned in the statute. This flexibility allows the court to consider *Apprendi*-based arguments as part of the extraordinary and compelling circumstances.

The government highlights Douglas's violent criminal history as a factor against compassionate release, emphasizing the seriousness of his offenses. However, Douglas argues that his rehabilitation efforts, good behavior in prison, and lack of incidents during incarceration should be given due weight. Douglas is not the same person he was when he first cam to prison. The court should consider the overall balance of § 3553(a) factors, including his potential danger to the community, in light of his prison conduct and rehabilitation efforts.

In summary, Douglas challenges the government's position by presenting a more detailed analysis of his medical conditions, emphasizing the potential impact on his health, and providing a nuanced interpretation of the statutory provisions and case law cited by the government. Additionally, Douglas stresses the evolving nature of compassionate release considerations and the need for a comprehensive evaluation of his circumstances in light of the First Step Act and subsequent policy changes.

  C. <u>This Court should not order Douglas to be transferred to home confinement.</u>

Douglas does not object to this subsection of the USR. He recognizes that the Bureau of Prisons makes the decisions regarding home confinement.

D.  Douglas's remaining claims are not cognizable.

According to the government: "Certain claims—even if they might otherwise be deemed extraordinary and compelling—are not cognizable under the compassionate release statute because of the "habeas-channeling rule." *United States v. Escajeda*, 58 F.4th 184, 186–87 (5th Cir. 2023). Douglas objects. It is Douglas's position that the habeas-channeling rule should be narrowly interpreted and applied, if at all. However, there is a circuit split on this question. See *United States v. Roper*, 72 F.4th 1097 (9th Cir. 2023). In *Roper,* the Court clearly distinguished between Section 2255 relief and compassionate release, explaining that while each remedy may "result in an inmate's early release from custody, the two require different showings and carry different implications about the defendant's original conviction and sentence." *Id.* at 1102. That Court squarely rejected the government's assertion that consideration of intervening decisional law would circumvent Section 2255 and reiterated that granting compassionate release "does not imply that the original sentence was unlawful." *Id.* at 1102-03.

Congress set forth no limitation on considering legal errors in Section 3582(c)(1)(A), nor does one inhere in the words "extraordinary and compelling." The Fifth Circuit and other circuit courts have manufactured a "new extra-textual threshold inquiry" that limits district courts' discretion. As a result, a "once highly discretionary decision of the district court, as broadly suggested by the Supreme Court in *Concepcion* ... has been severely and categorically cabined." *United States v. West*, 70 F.4th 341, 347 n.1 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1074-76 (6th Cir. 2022)). As such, the Court should use its broad discretion in deciding the merits of Douglas's compassionate release motion.

## IV. Conclusion

The USR concludes by stating that "Douglas's motion for compassionate release should be denied." USR at 25. Douglas objects. He states that for the above and foregoing reasons and the reasons previously stated in his Motion for Compassionate Release, his motion should be granted and he should be resentenced to time served or any other relief that the Court deems appropriate.

Respectfully submitted,

Dated: January 11, 2024

_____
BILLY DOUGLAS
REG. NO. 18753-001
FCI EDGEFIELD
FEDERAL CORR. INSTITUTION
P.O. BOX 725
EDGEFIELD, SC 29824

## CERTIFICATE OF SERVICE

I hereby certify that on January 11 2024, a true and correct copy of the above and foregoing Reply to United States' Response in Opposition to Defendant's Motion for Compassionate Release was sent via First Class U. S. Mail, postage prepaid, to Caroline B. Gardner, Assistant United States Attorney at U. S. Attorney's Office, 777 Florida Street, Suite 208, Baton Rouge, Louisiana 70801.

_____
BILLY DOUGLAS

BILLY DOUGLAS
REG. NO. 18753-001
FCI EDGEFIELD
FEDERAL CORR. INSTITUTION
P.O. BOX 725
EDGEFIELD, SC 29824

January 11, 2024

Mr. Michael L. McConnell
Clerk of Court
U.S. District Court
Middle District of Louisiana
Baton Rouge Division
777 Florida Street, Suite 139
Baton Rouge, LA 70801

    RE:   *United States v. Douglas*
           Crim No. 3:97-cr-00005-SDD-EWD-1

Dear Mr. McConnell:

Enclosed please find and accept for filing Defendant's Reply to United States' Response in Opposition to Defendant's Motion for Compassionate Release. Please submit this reply to the Court.

Thank you for your assistance in this matter.

                              Sincerely,

                              */s/ Billy Douglas*
                              BILLY DOUGLAS
                              Appearing *Pro Se*

*Encl. as noted*



**US POSTAGE PAID**
$9.65
Origin: 77070
01/11/24
4800420059-05

**PRIORITY MAIL®**
0 Lb 2.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 01/13/24

C046

SHIP TO:
STE 139
777 FLORIDA ST
BATON ROUGE LA 70801-1717

USPS TRACKING® #
9505 5104 4804 4011 9160 07

FROM:
BILLY DOUGLAS
REG. NO. 18753-001
FCI EDGEFIELD
FEDERAL CORR. INSTITUTION
P.O. BOX 725
EDGEFIELD, SC 29824

TO:
Mr. Michael L. McConnell
Clerk of Court
U.S. District Court
Middle District of Louisiana
Baton Rouge Division
777 Florida Street, Suite 139
Baton Rouge, LA 70801

PS00001000014
EP14F October 2023
OD: 12 1/2 x 9 1/2