UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 97-5-SDD-EWD |
| BILLY DOUGLAS | |

ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)* filed by Defendant, Billy Douglas ("Defendant").[1] The Government opposes this Motion, and Defendant has filed a reply.[2] For the following reasons, the motion is denied.

Background

Defendant is currently incarcerated at Edgefield FCI in Edgefield, South Carolina.[3] Defendant is serving a life sentence. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that COVID-19 coupled with his medical conditions is an "extraordinary and compelling" reason to reduce his sentence.[4] He separately argues that he is entitled to compassionate release due to his wife's medical conditions and her need for a caretaker.[5]

Compassionate Release

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with

---

[1] R. Doc. 198. Two related Motions were also filed and will be denied. R. Docs. 205 & 206.
[2] R. Docs. 201 & 204.
[3] *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last visited March 11, 2025).
[4] R. Doc. 198.
[5] R. Doc. 198.

applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"[6] Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request.[7] The Government does not argue that Defendant failed to exhaust.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements ... that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[8] Extraordinary and compelling reasons include the defendant's medical circumstances, old age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence.[9]

Even if a defendant demonstrates extraordinary and compelling reasons warranting release, the Court must still consider the § 3553(a) sentencing factors to determine if release is appropriate.[10] If the sentencing factors counsel against release, the district court has discretion to deny compassionate release.[11] Because the sentencing

---

[6] *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).
[7] 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).
[8] *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391).
[9] *See* U.S.S.G. § 1B1.13(b).
[10] *Shkambi*, 993 F.3d at 393 ("[t]he district court...is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").
[11] *United States v. Jackson*, 27 4th 1088, 1089 (5th Cir. 2022).

factors in this case dictate against release, the Court pretermits discussion of the first two requirements under § 3582(c)(1)(A) and decides the matter on the third requirement, finding that a reduction in the sentence is not appropriate after considering the § 3553(a) factors.

Because the § 3553(a) factors must independently support a sentencing reduction, if those factors do not support a reduction, then Defendant's request fails, even if he has demonstrated extraordinary and compelling reasons.[12] Further, it does not appear the Court is precluded from considering the § 3553(a) factors prior to considering whether extraordinary and compelling reasons exist.[13] Here, consideration of the § 3553(a) factors dictate that Defendant's request be denied.

The factors the Court has considered in making this determination are as follows:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > **(B)** to afford adequate deterrence to criminal conduct;
> > **(C)** to protect the public from further crimes of the defendant; and
> > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner....[14]

This Court has twice considered whether Douglas should be granted early release and has twice determined that the § 3553(a) factors dictate against release considering his

---

[12] The § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).
[13] *Booth v. United States*, No. 14-39, 2022 WL 10585551, at *2 (S.D. Miss. Oct. 18, 2022) (addressing the sentencing factors as the first part in the analysis considering a compassionate release motion).
[14] 18 U.S.C. § 3553(a); *United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *9 (E.D. La. May 3, 2024).

violent and lengthy criminal history.[15] As previously noted by this Court, a "defendant may be denied release based on, *inter alia*, his criminal history and the seriousness of his crimes," which in this case still dictate against release. Defendant's sentence is based on acts that can be described as nothing short of terrorizing his previous wife; including raping, beating, and kidnapping her; and, at sentencing, the Court took into account all acts committed against her, as well as the fact that, following conviction, Defendant attempted to have his previous wife killed. Reducing Defendant's sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Further, the nature of the offense dictates against deviating below Defendant's original sentence. Accordingly,

## Conclusion

**IT IS ORDERED** that the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 filed by Defendant, Billy Douglas, is **DENIED**.[16]

**IT IS FURTHER ORDERED** that the Citation of Additional New Authority, to the extent it is a Motion, filed by Defendant, Billy Douglas, is **DENIED**.[17]

---

[15] R. Docs. 181 & 185.
[16] R. Doc. 198.
[17] R. Doc. 205. The "Citation," which may be seen as an amendment or supplement to the original motion makes no difference in this Court's analysis because the court has denied release due to consideration of the § 3553(a) factors, not whether Defendant has demonstrated the existence of extraordinary and compelling reasons for release, which is the focus of the "Citation."

**IT IS FURTHER ORDERED** that the Request for Status on Movant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and First Step Act of 2018 filed by Defendant, Billy Douglas, is **DENIED AS MOOT**.[18]

Signed in Baton Rouge, Louisiana, on March 12, 2025.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] R. Doc. 206.